## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF TEXAS
## SHERMAN DIVISION

| | | |
|---|---|---|
| ROBERT E. JACOBSEN | § | |
| | § | |
| Plaintiff, | § | |
| v. | § | |
| | § | 4:10cv611 |
| BANK OF AMERICA | § | |
| CORPORATION, PKA | § | |
| COUNTRYWIDE FINANCIAL | § | |
| CORPORATION, ET. AL., | § | |
| | § | |
| Defendants. | § | |

**MEMORANDUM OPINION AND REPORT AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE**

Now before the Court is Defendants' Motion to Refer this Lawsuit to the Bankruptcy Court or, in the Alternative, Motion to Dismiss (Dkt. 52). The Court has considered the record in this matter and finds that the request to refer this lawsuit to the bankruptcy court should be GRANTED.

This Court may refer to the bankruptcy court for this district "any or all cases under title 11 and any or all proceedings arising under title 11 or arising in or related to a case under title 11 .. .." 28 U.S.C. § 157(a). "A proceeding is 'related to' a bankruptcy if 'the outcome of that proceeding could conceivably have any effect on the estate being administered in bankruptcy.'" *In re U.S. Brass Corp.*, 301 F.3d 296, 304 (5th Cir. 2002) (quoting *In re Wood*, 825 F.2d 90, 93 (5th Cir. 1987)). Here, Plaintiff's claims pertain to Property that was subject of an Abandonment Order in a bankruptcy case which indicated that "any rents associated with the Properties are not abandoned and remain property of the bankruptcy estate." Because Plaintiff's claims here could conceivably have an effect on the administration of the related bankruptcy estate, the Court finds they should be

referred to the bankruptcy court for resolution.[1]

It is, therefore recommended that Defendants' Motion to Refer this Lawsuit to the Bankruptcy Court or, in the Alternative, Motion to Dismiss (Dkt. 52) be GRANTED in part and that this case be referred to The Honorable Brenda T. Rhoades, Bankruptcy Judge for the United States Bankruptcy Court for the Eastern District of Texas, for all further proceedings in this matter, in accordance with 28 U.S.C. § 157(a), and the pertinent general orders in this District.

Within fourteen (14) days after service of the magistrate judge's report, any party may serve and file written objections to the findings and recommendations of the magistrate judge. 28 U.S.C.A. § 636(b)(1)(C). Failure to file written objections to the proposed findings and recommendations contained in this report within fourteen days after service shall bar an aggrieved party from *de novo* review by the district court of the proposed findings and recommendations and from appellate review of factual findings accepted or adopted by the district court except on grounds of plain error or manifest injustice. *Thomas v. Arn*, 474 U.S. 140, 148 (1985); *Rodriguez v. Bowen*, 857 F.2d 275, 276-77 (5th Cir. 1988).

Plaintiff's Motion for Reconsideration on Decision to Transfer Case to Bankruptcy Court (Dkt. 54) is DENIED as MOOT as it was filed prior to any final decision on the issue of transfer. In light of this ruling, Defendants' Motion to Strike Plaintiff's Motion for Reconsideration (Dkt. 55) is also DENIED as MOOT.

**SIGNED this 9th day of May, 2011.**

_____
DON D. BUSH
UNITED STATES MAGISTRATE JUDGE

---

[1] The Court leaves the matter of Plaintiff's standing to bring these claims for the determination of the bankruptcy court.