IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION


09/12/2012

| | | |
|---|---|---|
| IN RE: | § | |
| | § | |
| ROBERT EDWIN JACOBSEN, | § | Case No. 07-41092 |
| | § | (Chapter 7) |
| Debtor. | § | |
| | § | |
| ROBERT E. JACOBSEN, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Adv. Proc. No. 11-4157 |
| | § | |
| BANK OF AMERICA CORP., f/k/a | § | |
| COUNTRYWIDE FINANCIAL CORP., | § | |
| BAC HOME LOANS SERVICING, | § | |
| MORTGAGE ELECTRONIC | § | |
| REGISTRATION SYSTEM, INC., BLUE | § | |
| STAR FINANCIAL INC., and DOES 1 | § | |
| TO 10 INCLUSIVE, | § | |
| | § | |
| Defendants. | § | |

**MEMORANDUM OPINION REGARDING**
**DEFENDANTS' MOTION TO DISMISS**

The debtor-plaintiff initiated this pro se action in a California state court, asserting claims for the recovery of economic and non-economic damages allegedly sustained by his wife, Alise Malikyar, in connection with her attempt to refinance a home located at 3617 Sailmaker Lane in Plano, Texas. The defendants removed the action to federal court and obtained a transfer to the district court for the Eastern District of Texas. The district court referred the matter to this Court based on its finding that the debtor's

complaint is related to his bankruptcy case.[1]  The proceeding is now before the Court on the defendants' motion for dismissal pursuant to Federal Rule of Civil Procedure 12(b)(6), made applicable by Federal Rule of Bankruptcy Procedure 7012.

## I. ALLEGED FACTS

In his complaint, the debtor alleges that on May 24, 2005, Malikyar signed a promissory note in the principal amount of $139,050 in favor of Blue Star Financial, Inc. for the purchase of the residential real property located at 3617 Sailmaker Lane.[2]  The debtor alleges that Malikyar also signed a deed of trust relating to the property.  The debtor is not a signatory to the note or deed of trust, but asserts that Malikyar assigned her rights under the loan to him on June 27, 2010 (approximately one month before the debtor initiated this proceeding).[3]

Mortgage Electronic Registration System ("MERS") is the beneficiary under the deed of trust as the nominee for the lender.  The debtor claims that, on November 10, 2008, MERS assigned the deed of trust to Countrywide Home Loans on behalf of Blue Star and, subsequently, assigned the deed of trust to BAC Home Loans Servicing, LP f/k/a Countrywide Home Loans Servicing, LP.  The defendants' briefing in connection with the motion to dismiss reflects that, as of July 1, 2011, Bank of America, N.A. ("BANA") became successor by merger to BAC Home Loans Servicing, LP.

The debtor is seeking a mortgage-free house by way of this litigation.  The debtor alleges in his complaint that MERS' assignment was not effective to transfer Blue Star's

---

[1] The debtor has continued to attack this Court's jurisdiction in his legal arguments.  The debtor argues that his claims are based on state law and cannot be decided by a non-Article III judge.  As discussed in this memorandum opinion, however, the underlying events involved a non-debtor's attempts to exert control over property of the debtor's bankruptcy estate.

[2] Paragraph 16 of the deed of trust contains a choice-of-law provision that adopts Texas law.

[3] The assignment attached to the debtor's complaint does not reflect any exchange of consideration between Malikyar and the debtor.  Rather, the assignment appears to have been for the sole purpose of avoiding the well-established rule prohibiting *pro se* representation of another person in federal court.

interest in the note, and the assignment "split" the note and deed of trust from each other. He asserts that, as a result, the deed of trust is now void.

In addition to a mortgage-free house, the debtor seeks damages for injuries allegedly suffered by Malikyar. The debtor alleges that Malikyar attempted to refinance the property in April 2009. A purported condition of the refinance was that Malikyar provide the new lender with a certified copy of the original note. The debtor alleges that the defendants' refused to provide Malikyar with a certified copy of the note, and Malikyar was unable to finance the mortgage loan as a consequence of their refusal. The debtor also alleges that on November 6, 2009, BANA served Malikyar with notice of a trustee's sale to be held on August 3, 2010. The exhibits attached to the debtor's complaint reflect that Malikyar was in default of her payment obligations under the note at that time. The debtor, however, alleges that the defendants caused Malikyar "economic harm and detriment" in an unspecified amount by intentionally breaching their duty of good faith and fair dealing under the note and deed of trust.

The debtor filed a bankruptcy petition in this Court on May 25, 2007. The real property located at 3617 Sailmaker Lane was property of the debtor's bankruptcy estate. It was not the debtor's homestead, but was one of several rental properties owned by the debtor or Malikyar.

On January 30, 2009, the Court entered an agreed order between BANA and the chapter 7 trustee allowing the trustee 180 days to market and sell the Sailmaker Lane property. The agreed order provided that if the property was not sold within that period, the automatic stay would terminate at midnight on July 20, 2009. Malikyar attempted to

refinance the mortgage on the property during this period. The record of the bankruptcy case reflects that her actions were not authorized by this Court or the chapter 7 trustee.

On June 3, 2009, the chapter 7 trustee filed a notice of his intent to abandon the property located at 3617 Sailmaker Lane. This Court entered an order of abandonment on June 24, 2009. The abandonment order expressly retained the bankruptcy estate's interest in the rental income, if any, from the property.

## II. THE RULE 12(B)(6) STANDARD

In this adversary proceeding, the debtor asserts claims against the defendants for negligence, breach of contract, refusal of tender, wrongful foreclosure, an action for quiet title, and injunctive relief. The defendants request dismissal of all the claims pursuant to Rule 12(b)(6). "Generally, a court ruling on a 12(b)(6) motion may rely on the complaint, its proper attachments, documents incorporated into the complaint by reference, and matters of which a court may take judicial notice." *Randall D. Wolcott, M.D., P.A. v. Sebelius,* 635 F.3d 757, 763 (5th Cir. 2011) (internal quotation marks and citation omitted).

In considering a motion to dismiss pursuant to Rule 12(b)(6), the Court must accept all well-pleaded facts as true and view those facts in the light most favorable to the plaintiff. *Dorsey v. Portfolio Equities, Inc.,* 540 F.3d 333, 338 (5th Cir. 2008). The pleading standards are derived from Federal Rule of Civil Procedure 8(a)(2), which states that a complaint must include "a short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2). While Rule 8 does not require detailed factual allegations, a complaint must contain facts that are "enough to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544,

4

555 (2007). The complaint must have "more than labels and conclusions," or "a formulaic recitation of the elements of a cause of action." *Id.*

The Supreme Court in *Ashcroft v. Iqbal* explained that *Twombly* promulgated a "two-pronged approach" to determine whether a complaint states a plausible claim for relief. *Id.,* 556 U.S. 662, 669 (2009). First, the court must identify those pleadings that are not supported by factual allegations, "because they are no more than conclusions, [and] are not entitled to the assumption of truth." *Id.* Second, upon identifying well-pleaded factual allegations, the court will "assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Id.* "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 663. This is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 663-64.

### III. ANALYSIS

As an initial matter, the debtor states in response to the defendants' motion that he does not oppose the dismissal of his claims for negligence, refusal of tender and wrongful foreclosure. The debtor's remaining claims are for breach of contract, specifically, the duty of good faith and fair dealing; an action to quiet title by declaring the deed of trust void; and a request for an injunction to preserve the status quo pending the adjudication of the debtor's claims. The debtor also requests compensatory and punitive damages for the economic and noneconomic harm allegedly suffered by Malikyar.

## A. Breach the Implied Duty of Good Faith and Fair Dealing

Under Texas law, the elements of a breach of contract action are (1) the existence of a valid contract, (2) performance or tendered performance, (3) breach of the contract, and (4) damages sustained as a result of the breach. *See Frost Nat'l Bank v. Burge,* 29 S.W.3d 580, 593 (Tex. App.-Houston [14th Dist.] 2000, no pet.). The debtor in this case does not identify any specific provisions of the note or deed of trust allegedly breached by the defendants. Rather, the debtor alleges that the defendants breached the implied duty of good faith and fair dealing.[4]

"A claim for breach of duty of good faith and fair dealing is a tort action that arises from an underlying contract." *Cole v. Hall,* 864 S.W.2d 563, 568 (Tex. App. -- Dallas 1993, writ dism'd w.o.j.). The Texas Supreme Court "has declined to impose an implied duty of good faith and fair dealing in every contract, though it has recognized that such a duty may arise as a result of 'a special relationship between the parties governed or created by a contract.'" *UMLIC VP LLC v. T & M Sales & Envtl. Sys., Inc.,* 176 S.W.3d 595, 612 (Tex. App. -- Corpus Christi 2005, pet. denied) (citations omitted). "Such 'special relationships' have been found to arise where contractual relationships are marked by shared trust or an imbalance of bargaining power." *Id.* "However, absent a 'special relationship,' any duty to act in good faith is contractual in nature and its breach does not amount to an independent tort." *Id.*

---

[4] The debtor's standing to bring this claim is unclear. *See* FED.R.CIV.P. 12(h)(3) ("Whenever it appears by suggestion of the parties or otherwise that the court lacks jurisdiction of the subject matter, the court shall dismiss the action."); *see also* 15 James Wm. Moore et al., MOORE'S FEDERAL PRACTICE § 101.30[2] (3d ed. 2000) ("Federal courts are under an independent obligation to examine their own jurisdiction ... [,][a]ccordingly if the parties failed to raise the question, the issue of standing is to be addressed *sua sponte* by the court at the trial or appellate stage of proceedings."). As the Texas Supreme Court discussed in *PPG Industries, Inc. v. JMB/Houston Centers Partners Ltd. Partnership*, 146 S.W.3d 79, 87-88 (Tex. 2004), many Texas courts distinguish between claims that are property-based and remedial and claims that are personal and punitive, holding that the former are assignable and the latter are not.

6

The debtor asserts that a special relationship existed because Malikyar had no choice but to sign the form note and deed of trust prepared by Blue Star. Texas courts, however, "have found no special relationship between a mortgagor and a mortgagee ... that would impose an independent common law duty of good faith and fair dealing." *UMLIC VP,* 176 S.W.3d at 612. The note and deed of trust signed by Malikyar (which are attached to the debtor's complaint) are uniform instruments used for mortgages in Texas. Moreover, Malikyar was pursuing her own interest in seeking to refinance the home at 3617 Sailmaker Lane. The Court, therefore, concludes that the debtor has not alleged a viable tort claim against the mortgagee defendants based on a breach of the duty of good faith and fair dealing.[5]

Even if a duty of good faith and fair dealing existed, the duty cannot be viewed in a vacuum. The conduct that forms the basis of the debtor's complaint took place when 3617 Sailmaker Lane was property of the debtor's bankruptcy estate. Thus, any such duty did not run to Malikyar, but to the estate and the bankruptcy trustee.

### B. Quiet Title

The debtor also brings a claim against the defendants to quiet title to the property at 3617 Sailmaker Lane. A cloud on title exists when an outstanding claim or encumbrance is shown which, on its face, if valid, would affect or impair the title of the owner of the property. Accordingly, the elements of the cause of action to quiet title are that the plaintiff must show (1) an interest in a specific property, (2) title to the property is affected by a claim by the defendant, and (3) the claim, although facially valid, is

---

[5] The UCC also does not impose a duty of good faith and fair dealing under the alleged facts (to the extent the debtor intends to assert such an argument). *See Vogel v. Travelers Indem. Co.*, 966 S.W.2d 748, 753 (Tex. App. — San Antonio 1998, no pet.) (stating, "[b]ecause the Deed of Trust places a lien on real property, it is not governed by the UCC."); TEX. BUS. & COM. CODE § 9.109(d)(11) (Article 9 does not apply to the creation or transfer of an interest in or lien on real property).

invalid or unenforceable. *Sadler v. Duvall,* 815 S.W.2d 285, 293 n. 2 (Tex. App. -- Texarkana 1991, writ denied); *Best Inv. Co. v. Parkhill,* 429 S.W.2d 531, 534 (Tex. Civ. App. -- Corpus Christi 1968, writ dism'd).

In this case, the debtor's request to quiet title is premised on allegations regarding the propriety of assignments by MERS and a "split the note" theory. The debtor acknowledges that MERS is designated as the beneficiary under the deed of trust. The debtor, however, asserts that MERS's assignment of the deed of trust, as nominee for Blue Star, to Countrywide split the note from the deed of trust, rendering the deed of trust void and the assignment to Countrywide ineffective.

What is commonly known as the "split the note" theory has been rejected by courts in this district and this circuit. *See, e.g., Garrett v. HSBC Bank USA, N.A.,* 2012 WL 1658796, at *2 (N.D. Tex. May 11, 2012); *Cannon v. JPMorgan Chase Bank, N.A.,* 2011 WL 6838615, at *5 (E.D. Tex. Nov. 16, 2011). This is because the "transfer of an obligation secured by a note also transfers the note because the deed of trust and note are read together to evaluate their provisions." *Cannon,* 2011 WL 6838615, at *5 (quoting *DeFranceschi v. Wells Fargo Bank, N.A.,* 837 F.Supp.2d 616 (N.D. Tex. 2011)) (internal quotation marks omitted). Furthermore, the deed of trust attached to the debtor's complaint expressly provides that MERS is both the beneficiary and nominee for the lender and its successors and assigns. Under Texas law, where "MERS is a beneficiary and nominee for both the originating lender and its successors and assigns by the express language in the Deed of Trust," and MERS assigns the deed of trust, "the situation falls within an exception to the general rule that a party holding only the deed of trust cannot enforce the mortgage." *Wiley v. U.S. Bank., N.A.,* 2012 WL 1945614, at *4 (N.D. Tex.

8

May 30, 2012) (Boyle, J.) (quoting *Eskridge v. Fed. Home Loan Mortg. Corp.,* 2011 WL 2163989, at *5 (W.D. Tex. Feb. 24, 2011)) (internal quotation marks omitted). The Court, therefore, concludes that the debtor has failed to plead a plausible claim that the deed of trust and note were split, rendering the deed of trust void and the assignment to Countrywide defective, or that the Court should quiet title by so declaring.

### C. Injunctive Relief and Punitive Damages

Since the debtor's underlying claims fail, the debtor's request for injunctive relief, which is premised on the failed claims, is without basis. *See DSC Comm. Corp. v. DGI Techs, Inc.*, 81 F.3d 597, 600 (5th Cir. 1996) (noting that request for injunctive relief warrants dismissal if plaintiff cannot show substantial likelihood of success on the merits of his claim). Further, the debtor is not entitled to any recovery from the defendants for exemplary damages because the debtor has failed to plead an underlying claim which makes a plausible showing that the defendants acted fraudulently or with gross negligence. *See Biggers v. BAC Home Loans Servicing, LP*, 767 F. Supp. 2d. 725, 735 (N.D. Tex. 2011). Accordingly, the debtor's requests for injunctive relief and exemplary damages warrant dismissal as well.

### III. CONCLUSION

For the foregoing reasons, the Court concludes that the defendants' motion to dismiss should be granted. The Court will enter an order of dismissal consistent with this memorandum opinion.

Signed on 9/12/2012

*Brenda T. Rhoades*  SR
HONORABLE BRENDA T. RHOADES,
CHIEF UNITED STATES BANKRUPTCY JUDGE